**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-08042-001-PCT-DJH |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| Earlson Tullie, | |
| Defendant. | |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Pending before the Court is a Petition to Revoke Supervised Release (Doc. 217) filed against Defendant Earlson Tullie on July 13, 2018. On August 9, 2018, the Defendant appeared before the Magistrate Judge for an Admit/Deny Hearing with the written consents of all counsel and the Defendant (Docs. 226, 227). The Defendant denied the allegations of the Petition to Revoke Supervised Release, and the Court set the matter for an Evidentiary Hearing. (Doc. 227).

With written consents of all counsel and the Defendant (Doc. 226), an Evidentiary Hearing was held on September 27, 2018 and November 8, 2018 (Docs. 228, 231) in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. The Magistrate Judge heard testimony from Senior U.S. Probation Officer Matthew Carey and H&H Treatment Programs' Clinical Supervisor Shelly Osbourne. The Government's Exhibit 1 was admitted into evidence. The matter was deemed submitted for decision on November 8, 2018.

## BACKGROUND

The Defendant having entered a guilty plea to the crime of Assault of a Person Under Age 16 with Substantial Bodily Injury (Doc. 191), the Honorable Diane J. Humetewa sentenced the Defendant on June 9, 2017 to time served and two years of supervised release (Doc. 206). The Court ordered that during the term of supervision the Defendant shall comply with the mandatory and standard conditions of supervision adopted by the Court in General Order 16-23, as well as six (6) special conditions. Subsequent to a hearing held December 4, 2017 on a Petition to Schedule a Modification Hearing (Doc. 209), the Court ordered the imposition of four additional special conditions (Doc. 216). The current Petition to Revoke Supervised Release was then filed July 13, 2018 (Doc. 217).

## FINDINGS

In the Petition to Revoke Supervised Release (Doc.217) filed on July 13, 2018, the Government alleges that the Defendant violated the following Special Conditions:

A. Special Condition #4 which states, *"You shall be screened for sex offender treatment and if recommended as a result of screening, you shall participate in such treatment, abide by the policies and procedures of all the treatment and evaluation providers. You must contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.*

On or about July 12, 2018, Tullie failed to participate in sex offender treatment when he was unsuccessfully discharged from sex offender treatment by H&H Treatment Programs. Grade C violation § 7B1.1(a)(3).

B. Special Condition #9 which states, *"You must not be in the company of or have contact with children who you know are under the age of 18, with the exception of your own children. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party.*

On or about June 28, 29, and 30, 2018, Tullie was in the company of and had contact with children he knew were under the age of 18. Grade C violation § 7B1.1(a)(3).

Officer Carey testified that he met with the Defendant on June 12, 2017 and went over Special Condition #4 with him. On December 5, 2017, Officer Carey reviewed

Special Condition #9 with the Defendant, and the Defendant signed his acknowledgment of Special Condition #9.

At a June 25, 2018 visit to the Defendant's residence, Officer Carey observed that the Defendant's front door was pad-locked, and the Defendant denied contact with children. However, on the July 11, 2018 visit, Officer Carey observed through the window of the Defendant's pad-locked residence female children's clothing and toys, as well as a mattress and cot beside the mattress. After initially denying the presence of children in his home, the Defendant later admitted that children did reside with the Defendant for three days beginning June 28, 2018. The Defendant admitted that he slept next to and in the same room as his landlord's seven and eight year old girls.

Officer Carey reported the Defendant's contact with children to his sex offender treatment provider, H&H Treatment Programs. The Defendant's treatment contract with H&H Treatment Programs required that he have no contact with minor children until he (i) was given written permission by his therapist and Probation Officer and (ii) had secured a chaperone who was approved through the provider's chaperone process. (Exh. 1). The Defendant read and initialed all the terms of his treatment contract on November 1, 2017. (Id.). By signing his treatment contract, the Defendant confirmed that he understood its terms. H&H Treatment Programs' Clinical Supervisor Shelly Osborne testified that the Defendant never had a chaperone as required for contact with children. Nor did the Defendant ever have written permission from his therapist and Probation Officer to have contact with children. Because the Defendant was determined to be in violation of his treatment contract for having undisclosed and impermissible contact with minor children, H&H Treatment Programs discharged him from the program on July 12, 2018.

Having considered all the information presented, the testimony of the witnesses, and exhibit admitted into evidence,

**I FIND** by a preponderance of the evidence the following:

(1) that the Defendant was on supervised release on June 28, 29, and 30, 2018 as

well as July 12, 2018;

(2) that the Defendant was aware of his conditions of supervised release;

(3) that on June 28, 29, and 30, 2018, the Defendant knowingly and voluntarily had contact with children who were not his own and who he knew were under the age of eighteen in violation of Special Condition #9;

(4) that on July 12, 2018, the Defendant was terminated unsuccessfully from his sex offender treatment program because he knowingly and voluntarily violated his treatment contract by having contact with minor children (i) without the written permission of his therapist and Probation Officer and (ii) without a chaperone who was approved through H&H Treatment Programs' chaperone process in violation of Special Condition #4.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Defendant be found to have violated Allegation A (Special Condition #4) and Allegation B (Special Condition #9) of his supervised release conditions, and that his supervised release be REVOKED pursuant to 18 U.S.C. § 3583(e)(3).

## **ORDER**

**IT IS ORDERED** that a final Disposition Hearing is set for Monday, December 10, 2018 at 11:30 a.m., Courtroom 605, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona 85003, before the Honorable Diane J. Humetewa.

**IT IS FURTHER ORDERED** that any objection to this Court's findings and recommendation be made by the parties in writing and be specific as to the objection or request made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the assigned District Judge to consider before disposition

(including the English translation of any writings not in English) must be submitted by defense counsel in paper form with the original to the U.S. Probation Office and copies to the assigned District Judge and opposing counsel at least five (5) business days prior to the disposition date or they may be deemed untimely by the assigned District Judge and not considered. No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the court. Character letters shall not be mailed directly to the assigned District Judge by any family members or other persons writing in support of the defendant. Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any disposition memoranda must be filed at least seven (7) business days prior to the disposition date. Responses are due three (3) business days prior to the disposition date. Any motion to continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored. If either party intends to call a speaker at disposition, other than the Defendant, counsel must notify the Courtroom Deputy at least three (3) business days in advance.

Dated this 16th day of November, 2018.

_____
Honorable Eileen S. Willett
United States Magistrate Judge